1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   PAUL WINFIELD,

11            Plaintiff,                    No. 2:09-cv-0636-JFM (PC)

12        vs.

13   ARNOLD SCHWARZENEGGER,
     et al.,
14
             Defendants.                    ORDER
15   _____/

16            Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action

17   filed pursuant to 42 U.S.C. § 1983.  By order filed April 17, 2009, plaintiff's complaint was

18   dismissed with leave to file an amended complaint.  Plaintiff has now filed an amended

19   complaint.

20            The court is required to screen complaints brought by prisoners seeking relief

21   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

22   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

23   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

24   granted, or that seek monetary relief from a defendant who is immune from such relief.  28

25   U.S.C. § 1915A(b)(1),(2).

26   /////

1

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

3  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

4  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

5  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

6  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

7  Cir. 1989); Franklin, 745 F.2d at 1227.

8    Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

9  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

10  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

11  Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355

12  U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim a complaint must

13  contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

14  factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

15  id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the

16  defendant fair notice of what the . . . claim is and the grounds upon which it rests."'"  Erickson

17  v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (quoting Bell, 127 S.Ct. at 1964, in turn

18  quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In reviewing a complaint under this

19  standard, the court must accept as true the allegations of the complaint in question, Erickson, id.,

20  and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416

21  U.S. 232, 236 (1974).

22    Plaintiff names three defendants in his amended complaint:  Arnold

23  Schwarzenegger, Maryan R. Viles, and M. Johnson.  Plaintiff alleges that defendant

24  Schwarzenegger violated plaintiff's rights "by perjury in my claim."  Amended Complaint, filed

25  April 23, 2009, at 1.  He further alleges that an unidentified "they" waited a year to take him to

26  /////

2

1  court on a battery charge.  <u>Id</u>. at 2.  Finally, he alleges that defendants Viles and Johnson brutally

2  beat him down "one Sunday morning."  <u>Id</u>.  Plaintiff seeks money damages.

3         Plaintiff's allegation against defendant Schwarzenegger is too vague and

4  conclusory to state a cognizable claim for relief.  Moreover, Arnold Schwarzenegger is the

5  Governor of the state of California and it is not clear how or why he would have any personal

6  involvement in a claim brought by plaintiff, or a criminal prosecution of plaintiff.  In addition, it

7  is unclear whether plaintiff was convicted of the battery charge at issue.  If he was, he cannot

8  bring a suit for damages on a civil rights claim arising out of that conviction absent proof "that

9  the conviction or sentence has been reversed on direct appeal, expunged by executive order,

10  declared invalid by a state tribunal authorized to make such determination, or called into question

11  by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."  <u>Heck v. Humphrey</u>,

12  512 U.S. 477, 486 (1994).  Finally, while the court can ascertain that plaintiff is raising a claim of

13  excessive force against defendants Viles and Johnson, plaintiff must allege sufficient facts about

14  the claim to provide defendants with fair notice thereof.  An allegation that these defendants beat

15  plaintiff down "one Sunday morning" is not sufficient – plaintiff must provide more precise

16  information about the time and place of the alleged incident.

17         For all of the foregoing reasons, the court has determined that the amended

18  complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).

19  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice

20  and state the elements of the claim plainly and succinctly.  <u>Jones v. Community Redev. Agency</u>,

21  733 F.2d 646, 649 (9th Cir. 1984).  Because plaintiff has failed to comply with the requirements

22  of Fed. R. Civ. P. 8(a)(2), the amended complaint must be dismissed.  The court will, however,

23  grant leave to file a second amended complaint.

24         If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate

25  how the conditions complained of have resulted in a deprivation of plaintiff's constitutional

26  rights.  <u>See</u> <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  Also, the second amended complaint

3

1   must allege in specific terms how each named defendant is involved.  There can be no liability

2   under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's

3   actions and the claimed deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>,

4   633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

5   Furthermore, vague and conclusory allegations of official participation in civil rights violations

6   are not sufficient.  <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

7              In addition, plaintiff is informed that the court cannot refer to a prior pleading in

8   order to make plaintiff's second amended complaint complete.  Local Rule 15-220 requires that

9   an amended complaint be complete in itself without reference to any prior pleading.  This is

10  because, as a general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v.</u>

11  <u>Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the

12  original pleading no longer serves any function in the case.  Therefore, in a second amended

13  complaint, as in an original complaint, each claim and the involvement of each defendant must

14  be sufficiently alleged.

15             In accordance with the above, IT IS HEREBY ORDERED that:

16             1.  Plaintiff's amended complaint is dismissed; and

17             2.  Within thirty days from the date of this order, plaintiff shall complete the

18  attached Notice of Amendment and submit the following documents to the court:

19                  a.  The completed Notice of Amendment; and

20                  b.  An original and one copy of the Second Amended Complaint.

21  Plaintiff's second amended complaint shall comply with the requirements of the Civil Rights

22  Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended

23  complaint must bear the docket number assigned this case and must be labeled "Second

24  /////

25  /////

26  /////

1  Amended Complaint"; failure to file a second amended complaint in accordance with this order

2  will result in a recommendation that this action be dismissed.

3  DATED: June 25, 2009.

4

5

6  UNITED STATES MAGISTRATE JUDGE

7  12
   winf0636.14am
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1

2

3

4

5

6

7

8             IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10  PAUL WINFIELD,

11          Plaintiff,                 No. 2:08-cv-0636-JFM (PC)

12      vs.

13  ARNOLD SCHWARZENEGGER, et al.,        NOTICE OF AMENDMENT

14          Defendants.

15  _____/

16          Plaintiff hereby submits the following document in compliance with the court's

17  order filed _____:

18          _____        Second Amended Complaint

19  DATED:

20

21                                    _____

22                                    Plaintiff

23

24

25

26

6