1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL WINFIELD,

        Plaintiff,                    No. 2:09-cv-0636-JFM (PC)

    vs.

ARNOLD SCHWARZENEGGER,
et al.,

        Defendants.            ORDER
_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983.  On April 1, 2009, plaintiff filed a consent to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. §636(c).  By order filed April 17, 2009, plaintiff's complaint was dismissed with leave to file an amended complaint, which plaintiff did.  By order filed June 26, 2009, plaintiff's amended complaint was dismissed with leave to file a second amended complaint within thirty days.  On June 30, 2009, plaintiff filed a document which the court construes as a motion for leave to add a psychiatrist, William Kulka, as a defendant in this action.  Plaintiff has not filed a second amended complaint or otherwise responded to the June 26, 2009 order.

        Good cause appearing, plaintiff will be given one final period of thirty days in which to file a second amended complaint.  If plaintiff chooses to file a second amended

1

complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the second amended complaint must name all defendants plaintiff seeks to sue in this action and must allege in specific terms how each named defendant is involved in the events complained of. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a second amended complaint, the original pleading no longer serves any function in the case. Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Finally, good cause appearing, the Clerk of the Court will be directed to send a copy of plaintiff's June 30, 2009 filing and this order to counsel for the plaintiff class in Coleman v. Schwarzenegger, No. 2:90-cv-0520-LKK-JFM (PC).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff is granted thirty days from the date of this order in which to file a second amended complaint naming all defendants and raising all claims that he seeks to bring in this action.

/////

1      2. Within thirty days from the date of this order, plaintiff shall complete the
2  attached Notice of Amendment and submit the following documents to the court:
3      a. The completed Notice of Amendment; and
4      b. An original and one copy of the Second Amended Complaint.
5  Plaintiff's second amended complaint shall comply with the requirements of the Civil Rights
6  Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended
7  complaint must bear the docket number assigned this case and must be labeled "Second
8  Amended Complaint"; failure to file a second amended complaint in accordance with this order
9  will result in the dismissal of this action.
10     3. The Clerk of the Court is directed to tie the document filed by plaintiff on June
11 30, 2009 (docket # 10) to this order.
12     4. The Clerk of the Court is directed to send a copy of the document filed by
13 plaintiff on June 30, 2009 (docket # 10) and a copy of this order to Amy Whelan, Esq., Rosen,
14 Bien & Galvan LLP, 315 Montgomery Street, 10th Floor, San Francisco, CA 94104.
15 DATED: August 20, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

12
winf0636.ext

3

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL WINFIELD,

    Plaintiff,                           No. 2:08-cv-0636-JFM (PC)

    vs.

ARNOLD SCHWARZENEGGER, et al.,      <u>NOTICE OF AMENDMENT</u>

    Defendants.

_____/

    Plaintiff hereby submits the following document in compliance with the court's order filed _____:

        _____        Second Amended Complaint

DATED:

                                          _____
                                          Plaintiff