IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL WINFIELD,

     Plaintiff,          No. 2:09-cv-0636 JFM (PC)

    vs.

ARNOLD SCHWARZENEGGER, et al.,

     Defendants.     ORDER

                            /

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By order filed August 21, 2009, plaintiff's amended complaint was dismissed with leave to file a second amended complaint. On September 29, 2009, plaintiff filed an amended complaint seeking to add a defendant Dr. Jackson to this action. On October 8, 2009, plaintiff filed a second amended complaint naming two defendants, Arnold Schwarzenegger and William Kulka. On October 13, 2009, plaintiff filed a document styled as a motion to dismiss defendant Jackson. Good cause appearing, plaintiff's motion will be granted pursuant to Fed. R. Civ. P. 41(a), the document filed September 29, 2009 will be disregarded, and the court will screen the second amended complaint filed October 8, 2009.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

1

§ 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, id. However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'" Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (quoting Bell, 127 S.Ct. at 1964, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

/////

As noted above, plaintiff names two defendants in his second amended complaint: Arnold Schwarzenegger and William Kulka.  Plaintiff alleges that three years ago "they tried to get [him] on a battery at C.S.P.Sac" and that defendant Schwarzenegger lied by saying that "they" could bring battery charges against plaintiff in up to one year, rather than within seventy-two hours.  Plaintiff seeks monetary damages from defendant Schwarzengger for perjury. Second Amended Complaint, filed October 8, 2009, at 1.  Plaintiff alleges that defendant Kulka committed perjury "when he violated my medical records at C.S.P.-Sac that proves I am elergic [sic] to all psychotropic drugs that causes a mental homicide on me." Id. at 2.

As was the case with plaintiff's amended complaint, plaintiff's allegations against defendant Schwarzenegger are too vague and conclusory to state a cognizable claim for relief.  As the court has already observed,

> Arnold Schwarzenegger is the Governor of the state of California and it is not clear how or why he would have any personal involvement in a claim brought by plaintiff, or a criminal prosecution of plaintiff.  In addition, it is unclear whether plaintiff was convicted of the battery charge at issue.  If he was, he cannot bring a suit for damages on a civil rights claim arising out of that conviction absent proof "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 486 (1994).

Order filed June 26, 2009, at 3.  These defects remain in the second amended complaint and it does not appear they could be cured by amendment.  Accordingly, while plaintiff will be given leave to file a third amended complaint, he should not include Governor Schwarzenegger as a defendant in any third amended complaint.

Plaintiff's allegations against defendant Kulka are equally vague, but the court can not be sure that plaintiff could not state a cognizable claim for relief against defendant Kulka. Accordingly, plaintiff with be granted a period of thirty days in which to file a third amended complaint setting forth his claim against defendant Kulka.

3

1    If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the second amended complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

   In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the original pleading no longer serves any function in the case.  Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of defendant Kulka must be sufficiently alleged.

   In accordance with the above, IT IS HEREBY ORDERED that:

   1. Plaintiff's October 13, 2009 motion is granted;

   2. Plaintiff's September 29, 2009 amended complaint is disregarded;

   3. Plaintiff's second amended complaint is dismissed; and

   2. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

   a. The completed Notice of Amendment; and

   b. An original and one copy of the Third Amended Complaint.

Plaintiff's third amended complaint shall comply with the requirements of the Civil Rights Act,

the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Third Amended Complaint"; failure to file a third amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: October 26, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

12
winf0636.142

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL WINFIELD,

    Plaintiff,　　　　　　　　　　　No. 2:08-cv-0636-JFM (PC)

  vs.

ARNOLD SCHWARZENEGGER, et al.,　　　NOTICE OF AMENDMENT

    Defendants.
_____/

    Plaintiff hereby submits the following document in compliance with the court's order filed _____:

    _____    Third Amended Complaint

DATED:

                                            Plaintiff