IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL WINFIELD,

        Plaintiff,              No. 2:09-cv-0636 KJN P

    vs.

ARNOLD SCHWARZENEGGER,     ORDER AND

                            FINDINGS AND RECOMMENDATIONS

        Defendant.

_____/

        Plaintiff is a state prisoner proceeding without counsel and in forma pauperis with a civil rights complaint pursuant to 42 U.S.C. § 1983.  On July 20, 2010, defendant filed a motion to revoke plaintiff's in forma pauperis status and to dismiss the case on the grounds that plaintiff has previously filed at least three lawsuits that were subsequently dismissed for failing to state a claim, in violation of 28 U.S.C. § 1915(g).  Plaintiff has failed to file an opposition to the motion.

        Plaintiff is subject to the "three strikes rule" set forth in 28 U.S.C. § 1915(g), which precludes a plaintiff from proceeding in forma pauperis absent a showing he is in imminent danger of serious physical injury.  For the reasons described below, the court recommends that plaintiff's in forma pauperis status be revoked, and that plaintiff be permitted to proceed in the instant case only if he pays the $350.00 filing fee.

1   Legal Standards

2          The "three strikes" provision of the Prison Litigation Reform Act ("PLRA")

3   requires a court to deny in forma pauperis ("IFP") status to a prisoner who "has, on 3 or more

4   prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a

5   court of the United States that was dismissed on the grounds that it is frivolous, malicious, or

6   fails to state a claim upon which relief can be granted, unless the prisoner is under imminent

7   danger of serious physical injury." 28 U.S.C. § 1915(g).[1]  Thus, "[p]risoners who have

8   repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three

9   strikes rule[.]" Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007).  The purpose of this

10  rule is to further "the congressional goal of reducing frivolous prisoner litigation in federal

11  court." Tierney v. Kupers, 128 F.3d 1310, 1312 (9th Cir. 1997); accord, Rodriguez v. Cook, 169

12  F.3d 1176, 1180 (9th Cir. 1999) ("Section 1915(g) does not prohibit prisoners from accessing the

13  courts to protect their rights.  Inmates are still able to file claims—they are only required to pay

14  for filing those claims.").

15         "[T]he district court docket records may be sufficient to show that a prior

16  dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike.

17  However, in many instances, the docket records will not reflect the basis for the dismissal.  In

18  these instances, the [court must examine] . . . court records or other documentation that will

19  allow [it] to determine that a prior case was dismissed because it was 'frivolous, malicious or

20  fail[ed] to state a claim.' § 1915(g)." Andrews v. King, 398 F.3d 1113, 1120 (9th Cir. 2005).

21  In making this determination, the court is guided by the following:

22         The PLRA does not define the terms "frivolous," or "malicious," nor does
           it define dismissals for failure to "state a claim upon which relief could be
23         granted." We have held that the phrase "fails to state a claim on which
           relief may be granted," as used elsewhere in § 1915, "parallels the
24         language of Federal Rule of Civil Procedure 12(b)(6)." See Barren v.

25  _____

26         [1]  Section 1915(g) was enacted as part of the 1996 Amendments to the PLRA, Pub. L.
    No. 104-134, 110 Stat. 1321, § 804(d).

Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (interpreting § 1915(e)(2)(B)(ii) and employing the same de novo standard of review applied to Rule 12(b)(6) motions). Yet there is no Ninth Circuit case law on the 1996 Amendments to the PLRA that explains precisely what the terms "frivolous" or "malicious" mean. In defining these terms, we look to their "ordinary, contemporary, common meaning." Wilderness Soc'y v. United States Fish & Wildlife Serv., 353 F.3d 1051, 1060 (9th Cir. 2003) (en banc) (internal quotation marks and citations omitted). Thus, a case is frivolous if it is "of little weight or importance: having no basis in law or fact." Webster's Third New International Dictionary 913 (1993); see also Goland v. United States, 903 F.2d 1247, 1258 (9th Cir. 1990) (adopting a definition of "frivolous"). A case is malicious if it was filed with the "intention or desire to harm another." Webster's Third New International Dictionary 1367 (1993).

Andrews v. King, 398 F.3d at 1121. See also Neitzke v. Williams, 490 U.S. 319, 327 (1989) (in forma pauperis statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless").

However, in forma pauperis status must be granted to a "three strikes plaintiff" who demonstrates that he or she is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Application of this exception requires that the complaint, liberally construed, plausibly allege that, *at the time of filing the complaint*, "prison officials continue with a practice that has injured [plaintiff ] or others similarly situated in the past." Andrews v. Cervantes, 493 F.3d at 1055, 1056–57 (citations omitted).

Analysis

The court finds that the following actions constitute strikes under 28 U.S.C. § 1915(g):[2]

Winfield v. Davis, Case No. 2:03-cv-0101 FCD PAN P, June 9, 2003 case dismissed for failure to state a claim under 42 U.S.C. § 1983.

---

[2] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1          Winfield v. Katcher, et al., Case No. 2:03-cv-2064 GEB GGH P, June 24, 2005

2 case dismissed for plaintiff's repeated failure to state a claim.

3          Winfield v. Downing, Case No. 2:06-cv-0391 GEB JFM P, March 16, 2007 case

4 dismissed for plaintiff's failure to state a claim upon which relief may be granted.

5          Winfield v. Suliven, et al., Case No. 2:07-cv-0828 LKK EFB P, April 16, 2008

6 case dismissed for plaintiff's failure to state a claim.

7          Review of this court's electronic database demonstrates that plaintiff has filed 27

8 civil rights cases in this district since 1991.

9          Based on the above, the "three strikes rule" applies to plaintiff's filing of the

10 present action.  Thus, absent a showing that plaintiff was under imminent danger of serious

11 physical injury at the time he filed the complaint, he is precluded from proceeding in forma

12 pauperis.  28 U.S.C. §1915(g).

13          In the fifth amended complaint filed February 2, 2010, plaintiff seeks $10 million

14 in damages from defendant Kulka, a psychiatrist at San Quentin State Prison, for allegedly

15 administering psychotropic drugs to which plaintiff was allergic.  At the time of filing the

16 operative fifth amended complaint, plaintiff was incarcerated at California State Prison,

17 Sacramento; thus, he is not facing imminent danger of serious physical injury based on the

18 allegations against defendant Kulka at San Quentin State Prison.  See Andrews v. Cervantes, 493

19 F.3d 1047, 1053 (9th Cir. 2007) ("it is the circumstances at the time of the filing of the

20 [operative] complaint that matters for purposes of the 'imminent danger' exception under §

21 1915(g)"); see also, Abdul-Akbar v. McKelvie, 239 F.3d 307, 312-14 (3rd Cir. 2001); Medberry

22 v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999).

23 Conclusion

24          For the foregoing reasons, the court finds that plaintiff has failed to demonstrate

25 that he is eligible to proceed in forma pauperis in the instant action.  28 U.S.C. § 1915(g).  Thus,

26 defendant's motion should be granted, and the court will recommend that plaintiff be required to

1  pay the full filing fee if he wishes to pursue the instant action.  Failure to pay the filing fee will

2  result in a recommendation that the action be dismissed.

3           In accordance with the above, IT IS HEREBY ORDERED that:

4           1.  The Clerk of the Court is directed to assign a district judge to this case; and

5           2.  The April 17, 2009 order granting plaintiff's application to proceed in forma

6  pauperis is vacated.

7           IT IS HEREBY RECOMMENDED that:

8           1.  Defendant's July 20, 2010 motion (dkt. no. 44) be partially granted;

9           2.  Plaintiff's in forma pauperis status be revoked; and

10          3.  Plaintiff be directed to pay in full the $350.00 filing fee within 21 days from

11  the filing date of the district judge's order; failure to timely pay the filing fee will result in a

12  recommendation that the action be dismissed.

13          These findings and recommendations are submitted to the United States District

14  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

15  one days after being served with these findings and recommendations, any party may file written

16  objections with the court and serve a copy on all parties.  Such a document should be captioned

17  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

18  objections shall be filed and served within fourteen days after service of the objections.  The

19  parties are advised that failure to file objections within the specified time may waive the right to

20  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

21  DATED:  August 25, 2010

22

23

24                                    _____
                                      KENDALL J. NEWMAN
25                                    UNITED STATES MAGISTRATE JUDGE

26  winf0636.3str